Affirmed and Opinion filed September 23, 2004









Affirmed and Opinion filed September 23, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00765-CR

____________

 

JUNIOR BENNETT
BEDWELL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 43,401

 



 

O P I N I O N








Appellant, Junior Bennett Bedwell, appeals
from his conviction for the felony offense of driving while intoxicated (ADWI@).  See Tex.
Pen. Code Ann. ' 49.09(b) (Vernon Supp. 2004).  Charged by indictment, appellant entered a
plea of Anot guilty.@  The indictment, as amended, contained two
enhancement paragraphs to which appellant entered a plea of Anot true.@  A jury found appellant guilty, found the
enhancement paragraph true, and assessed punishment at fifteen years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In two points of error, appellant complains
(1) the trial court erred by instructing the jury in its punishment charge
regarding a felony conviction that occurred more than ten years prior to the
primary offense, and (2) the trial court erred by allowing the penalty phase to
proceed over defense counsel=s objection that
appellant was incompetent to continue the trial due to his medical
condition.  We affirm.

Appellant was arrested on March 3, 2002,
for DWI in Brazoria County.  The
indictment originally listed  four prior
DWI convictions as jurisdictional enhancements: (1) a 1997 misdemeanor DWI
conviction in cause number 739,351, (2) a 1988 felony DWI conviction in cause
number 17,380, (3) a 1984 misdemeanor DWI conviction in cause number 43,034,
and (4) a 1985 misdemeanor DWI conviction in cause number 44,108.  Subsequently, the indictment was
amended.  The 1988 felony DWI conviction
was abandoned as a jurisdictional enhancement paragraph and added as a
punishment enhancement paragraph. 
Another punishment enhancement paragraph was added that described a
felony conviction in Mississippi for marijuana possession.  

Appellant moved to quash the indictment
prior to trial.  The trial court held a
pretrial hearing on May 27, 2003. 
Pointing out that the present indictment contains jurisdictional
enhancement paragraphs describing prior convictions in 1984 and 1985, appellant
argued that the State was unable to use those same 1984 and 1985 convictions
because they had already been used to enhance the 1988 conviction to a
felony.  The trial court denied appellant=s motion.  Appellant re-urged this same objection during
the punishment phase of the trial.  The
trial court then read the charge of the court on punishment to the jury.  The charge contained only one enhancement
paragraph that described the 1988 felony DWI conviction. 








In addressing appellant=s first point of
error, we note that appellant=s objection at
trial is different than his point of error on appeal.  Because a trial objection must comport with
the issue raised on appeal, we find he has preserved nothing for review on
appeal. Tex. R. App. P.  33.1(a); see also Ibarra v. State, 11 S.W.3d 189, 197 (Tex.
Crim. App. 1999).   As previously
indicated, appellant=s objection at trial related to the use of
a prior conviction as both a jurisdictional and punishment enhancement.  Alternatively, appellant complains on appeal
that his punishment could not be enhanced by the 1988 conviction for a
different reason.  Citing section
49.09(e) of the Penal Code, appellant asserts that the 1988 conviction became
final more than ten years ago and cannot be used to enhance his
punishment.  In fact, appellant=s counsel
specifically stated at the hearing on the motion to quash that he was not
addressing whether the indictment was faulty for alleging a conviction more
than ten years old.[1]  We overrule appellant=s first point of
error.  








Appellant complains in his second point of
error that the trial court erred in allowing the penalty phase to continue over
counsel=s objection that
appellant was incompetent to continue in trial. 
A[A] person whose
mental condition is such that he lacks the capacity to understand the nature
and object of the proceedings against him, to consult with counsel, and to
assist in preparing his defense may not be subjected to a trial.@  McDaniel v. State, 98 S.W.3d 704, 709 (Tex.
Crim. App. 2003).  A court must conduct a
competency hearing if evidence of incompetency is brought to attention of the
trial court.[2]  However, a competency hearing is not required
unless the evidence is sufficient to create a bona fide doubt in the mind of
the judge whether the defendant meets the test of legal competence.  Moore v. State, 999 S.W.2d 385, 393 (Tex.
Crim. App. 1999).  A bona fide doubt may
be raised if the evidence Ashows >recent severe
mental illness, at least moderate retardation, or truly bizarre acts by the
defendant.=@ McDaniel,
98 S.W.3d at 710.  The trial court may
rely upon personal observations, known facts, and evidence presented in motions
or affidavits in making its determination. 
Thompson v. State, 915 S.W.2d 897, 902 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).  We review the trial court=s decision not to
conduct a competency hearing under an abuse of discretion standard.  Id. 


On the morning of May 30, 2003, the trial
court convened to conduct the penalty phase of appellant=s trial.  However, appellant failed to appear.  A capias issued for his arrest.  Appellant arrived at the courthouse sometime
after noon, and the trial resumed at 1:00 p.m. 
Appellant testified that he suffers from silicosis and had felt
especially bad the night before.  He
stated that he had been coughing and spitting up blood and was weak and
dizzy.  When he awoke, appellant visited
his doctor=s office. 
Appellant related that the doctor examined him, took blood samples, and
gave him several injections.  At the
conclusion of appellant=s testimony, appellant=s counsel urged
the trial court to grant a continuance in light of appellant=s condition.    

There is simply no evidence in the record
demonstrating a bona fide doubt about appellant=s competency.  Most importantly, the evidence does not speak
to mental incapacity.  At most, the
record contains appellant=s statements that he was feeling Adizzy,@ was Asweating all over,@ and was having
some vision trouble.  After appellant
testified, the court noted, AI think he=s demonstrated by
his testimony that he=s articulate, that he can express himself
well, . . . was able to very clearly describe his condition this morning and
that he got medical assistance and he appears to be competent and capable of
going forward at trial.@ 
Appellant=s counsel was also concerned about the
appellant=s ability to understand the effect of his
decision to plead Anot true@ to the
enhancement paragraphs.  The trial court
gave an explanation.  When asked if he
understood what the judge had said, appellant nodded and said, AYeah.@

In light of the record presented here, we
find the trial court did not err in failing to conduct a formal competency
inquiry or a jury competency hearing. 
Accordingly, appellant=s second point of
error is overruled.  








The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed September 23, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant=s counsel stated, 

[I]f a
person charged with a DWI and were in some way trying to upgrade that DWI if
there has been ten years lapse between the last one that they=re using, then they can=t do
that.  So, they have to have an
intervening DWI in there; but that really doesn=t speak
to my problem.





[2]  The
requirement that a court conduct a competency hearing was previously found in
article 46.02 of the Code of Criminal Procedure.  Act effective Aug. 29, 1977, 65th Leg., R.S.,
ch. 596, 1977 Tex. Gen. Laws 1458, 1458. 
However, article 46.02 was repealed in the last legislative
session.  Act effective Jan. 1, 2004,
78th Leg., R.S., ch. 35, ' 15, 2003 Tex. Gen. Laws 57, 72.  In its place, the legislature added  Chapter 46B to the Code of Criminal
Procedure.  Id. ' 1. 
Irrespective of the change in chapters, a court is still obligated to Adetermine by formal inquiry whether there is some
evidence from any source that would support a finding that the defendant may be
incompetent to stand trial.@  Tex. Code Crim. Proc. Ann. Art.
46B.004(c) (Vernon Supp. 2004).  This new
provision only applies to proceedings initiated after January 1, 2004.  Act effective January 1, 2004, 78th Leg.,
R.S., ch. 35, ' 16, 2003 Tex. Gen. Laws 57, 72.